# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH FUCE, II, Sui Juris | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 09-4916 |
| MICHELE HOFFMAN, | : | |
| Defendant. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                     **JANUARY 28, 2010**

      Presently before the Court is Defendant Michele Hoffman's ("Hoffman") Motion to Dismiss ("Motion"). For the reasons set forth below, the Motion will be granted.

**I.    BACKGROUND**

      Hoffman is the Director of Human Resources at Mrs. Ressler's Food Products Company ("Ressler's"), a privately owned deli meat manufacturing company located in Philadelphia, Pennsylvania. On or about March 19, 2009, Plaintiff Joseph Fuce ("Fuce"), an employee for a temporary employment agency, was hired as a temporary employee at Ressler's to work in an area called the "beef line." On July 6, 2009, Fuce applied to Ressler's for a full-time job with the company. As part of the employment application, Fuce signed and submitted an Acknowledgment and Authorization form ("Acknowledgment") specifically acknowledging, among other things, that his employment at Ressler's would be at will and for an unspecified

duration.[1]  (Def.'s Mot. Dismiss, Ex. 1.)  Fuce also completed and signed an I-9 Employment Eligibility Verification Form (Def.'s Mot. Dismiss, Ex. 2), and a W-4 Employee's Withholding Allowance Certificate (Def.'s Mot. Dismiss, Ex. 3.)  On this W-4 certificate, Fuce claimed that he was exempt from withholding taxes.  Id.

On August 3, 2009, consistent with the Acknowledgment, Fuce underwent a drug screening as a condition of employment.  A few days later on August 6, 2009, before the results of the drug tests were received, Fuce gave Hoffman what she considered a "bizarre and puzzling packet of documents," including a document titled "Legal Notice" dated July 6, 2009.  In addition, the packet also included a document titled "Affidavit of Truth," in which Fuce identified himself as a "Sovereign," renounced his United States citizenship, claimed that he did not "engage in any activity for which the United States Congress has imposed a revenue tax liability," and asserted that he was, therefore, not a taxpayer as defined in the United States Code.

---

[1]The Acknowledgment stated in part:

> I understand that none of the documents, policies, procedures, actions, statements of Mrs. Ressler's or its representatives used during the employment process is deemed a contract of any conditions of employment or any other agreement contrary to the foregoing statements and that any such agreements must be made in writing and signed by the President of Mrs. Ressler's.
>
> I understand that if offered a position with Mrs. Ressler's, I may be required to submit to a pre-employment medical examination, drug screening and background check as a condition of employment.  I understand that unsatisfactory results from, refusal to cooperate with, or any attempt to affect the results of these pre-employments tests and checks will result in withdrawal of any employment offer or termination of employment if already employed.

(Def.'s Mot. Dismiss, Ex. 1.)

(Def.'s Mot. Dismiss, Ex. 4.)

On August 7, 2009, Hoffman wrote Fuce a letter informing him that Ressler's was terminating his employment after receiving a positive result on Fuce's drug testing. (Def.'s Mot. Dismiss, Ex. 5.) On August 10, 2009, Hoffman received a letter from Fuce claiming that Ressler's owed him $195.35 of wages for work he performed (Def.'s Mot. Dismiss, Ex. 6.) This amount corresponded to the exact amount of all payroll deductions taken from Fuce's gross wages to date. Hoffman sent Fuce a letter on August 11, 2009 explaining to him that the funds taken from his earnings were all legal withholdings (Def.'s Mot. Dismiss, Ex. 7.) On August 24, 2009, Hoffman sent Fuce another letter explaining that Ressler's had mistakenly deducted $7.06 of federal withholding taxes from Fuce's wages, but had reimbursed Fuce this amount in his final paycheck. The letter also explained that Ressler's was required by law to deduct and submit to the appropriate government revenue department all payroll taxes. Attached to this letter was a copy of Fuce's final pay stub, which detailed Fuce's Year-to-Date ("YTD") Gross Wages of $1589.60, and YTD payroll taxes of $233.84.[2] (Def.'s Mot. Dismiss, Ex. 9.)

On September 1, 2009, Hoffman received a letter from Fuce alleging that Ressler's owed him the amount of the taxes ($233.84) that were withheld from his earnings (Def.'s Mot.

---

[2]These deductions were listed as follows:

> FICA- $98.55
> Medicare- $23.06
> Pennsylvania Wage Tax- $62.48
> Pennsylvania UC Tax (listed as "Other")- $0.96

(Def.'s Mot. Dismiss, Ex. 9.)

3

Dismiss, Ex. 10.)[3]

Fuce filed the instant pro se Complaint on October 26, 2009.[4] In the Complaint, Fuce alleges that Hoffman owes him $233.84 for his labor. He avers that the withholding of the taxes out of his wages was a violation of "Title 15, Section 17 (Clayton Antitrust Act)." (Compl. ¶ 4.) He also alleges a violation of 28 U.S.C. §§ 1343 (a)(3) and (4). Fuce claims as damages the $233.84 that was withdrawn from his wages and punitive damages in the amount of $250,000.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007). Following Twombly, the Third Circuit has explained that the factual allegations in the complaint may not be "so undeveloped that it does not provide a defendant the

---

[3] Fuce sent Hoffman another letter on September 16, 2009, again alleging a debt owed to him in the amount of $233.84, and also informing Hoffman of his intent to file a complaint against her, and seeking punitive damages in the amount of $250,000. Fuce also stated that he would entertain an out-of-court settlement in the amount of $75,000. (Def.'s Mot. Dismiss, Ex. 11.)

[4] Fuce's Complaint is confusing and, in parts, illegible. We have done our best to interpret what causes of actions Fuce is averring.

type of notice which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 563 n.8). Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting Twombly, 550 U.S. at 555). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. (quoting Twombly, 550 U.S. at 556).

Notwithstanding Twombly, the basic tenets of the Rule 12(b)(6) have not changed. The Knit With v. Knitting Fever, Inc., No. 08-4221, 2009 U.S. Dist. LEXIS 30230, at *6 (E.D. Pa. Apr. 8, 2009). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief, not detailed factual allegations. Phillips, 515 F.3d at 231. Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. Id.; Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III. DISCUSSION

Fuse first asserts that Hoffman somehow violated Section 17 of the Clayton Antitrust Act by withholding taxes from his earnings. 15 U.S.C. § 17 states:

5

> § 17. Antitrust laws not applicable to labor organizations
>
> The labor of a human being is not a commodity or article of commerce. Nothing contained in the antitrust laws shall be construed to forbid the existence and operation of labor, agricultural, or horticultural organizations, instituted for the purposes of mutual help, and not having capital stock or conducted for profit, or to forbid or restrain individual members of such organizations from lawfully carrying out the legitimate objects thereof; nor shall such organizations, or the members thereof, be held or construed to be illegal combinations or conspiracies in restraint of trade, under the antitrust laws.

15 U.S.C. § 17.

It is clear here that Fuce cannot maintain a cause of action against Hoffman, or even Ressler's, under a statute that exempts labor organizations from antitrust legislation. Consequently, this cause of action is dismissed. Fuce also states that this:

> action is taken pursuant to 28 USC [sic], 1334 (a)(3)(4) to redress the deprivation, of any right, secured to the plaintiff by the Laws and Constitution of the United States and to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of human (civil) rights.

(Complaint ¶ 3.)

28 U.S.C. §§ 1343 (a)(3) and (4) confer original jurisdiction upon federal district courts in civil rights actions commenced by any person. These Sections state:

> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or Act of Congress providing for equal rights of all citizens or of all persons within the jurisdiction of the United States.
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. §§ 1334 (a)(3) and (4).

Like Fuce's first claim, it is equally clear that Fuce cannot maintain a cause of action under these statutory provisions. To begin with, Hoffman and/or Ressler's are not state actors capable of acting under color of State law to deprive him of his civil rights. In addition, Fuce has not provided any facts to support a cause of action for a civil rights violation. Thus, this claim fails as well.

Lastly, Fuce claims that Hoffman owes him a debt of $233.84 for the amount of taxes taken out of his earnings. Fuce argues that he is a "Sovereign" and not a taxpayer of the United States or the Commonwealth of Pennsylvania. (Def.'s Mot. to Dismiss, Ex. 4.) This argument is frivolous. Ressler's is required under federal[5] and state[6] law to withhold and deduct federal and state income taxes from employees' wages. Therefore, like Fuce's other claims, this claim is dismissed.

An appropriate Order follows.

---

[5] 26. U.S.C. § 3402.

[6] 72 P.S. § 7316.